Castejon-Paz v. Blanche

Morris, IJ
A205 634 743

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> > *Circuit Judges,*
> LEWIS J. LIMAN,
> > *District Judge.\**

_____

VILMA ESPERENZA CASTEJON-PAZ,
> *Petitioner,*

v.                                        22-6024

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

_____

FOR PETITIONER:          JON E. JESSEN, Law Offices of Jon E. Jessen,
                         LLC, Stamford, CT.

FOR RESPONDENT:          MARIE V. ROBINSON, Attorney, Office of
                         Immigration Litigation (Cindy S. Ferrier,
                         Assistant Director, *on the brief*) *for* Brett A.
                         Shumate, Assistant Attorney General, Civil
                         Division, U.S. Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vilma Esperanza Castejon-Paz, a native and citizen of Honduras, challenges a December 15, 2021, decision of an immigration judge ("IJ") in reasonable fear proceedings arising from the June 2014 reinstatement of her removal order. *In re Castejon-Paz*, No. A 205 634 743 (Immigr. Ct. Hartford Dec. 15, 2021). The facts and procedural history of this case, together with a tandem case, *Cerrato-Barahona v. Bondi*, No. 22-6349, are recounted in our prior opinion. *Castejon-Paz v. Bondi*, 143 F.4th 116, 118 (2d Cir. 2025). We recite them here only as necessary to resolve the issues in this appeal.

Upon our first review of this matter, the Government moved to dismiss the petition as untimely under 8 U.S.C. § 1252(b)(1), claiming that Petitioner's failure

to appeal within thirty days of her reinstated order deprived our court of jurisdiction to hear her appeal. While our decision was pending, the Supreme Court held, in *Riley v. Bondi*, that § 1252(b)(1)'s filing deadline is a "claims-processing rule" rather than a mandatory jurisdictional rule. 606 U.S. 259, 275 (2025). Accordingly, and because the Government waived application of the filing deadline as to Castejon-Paz's petition, we found that we had jurisdiction and ordered briefing on the merits. *Castejon-Paz*, 143 F.4th at 119.

In its briefing on the merits, the Government raised a new jurisdictional issue. The statutes governing judicial review of immigration proceedings provide that federal courts of appeals lack jurisdiction to review orders denying withholding-only relief "except as part of the review of a final order of removal." Foreign Affairs Reform and Restructuring Act of 1998 § 2242(d), 112 Stat. 2681-822, note following 8 U.S.C. § 1231. Because Petitioner's appeal is limited to his withholding-only determinations, the Government argues that we do not have jurisdiction. Petitioner did not reply to this argument.

The jurisdictional question posed by the Government is the subject of a rapidly deepening circuit split,[1] and is a question which we have not yet directly

---

1.     The Ninth and Eleventh Circuits have agreed that they lack jurisdiction to hear CAT

answered.[2] The question is complex, and is one which we are hesitant to reach without the benefit of full briefing and argument.

It is also unclear whether Petitioner could, or would, amend her appeal to challenge her final order of removal: While she has not sought permission to do so, a simple amendment to her petition could resolve this jurisdictional question entirely. See *Riley v. Bondi*, 180 F.4th 187, 193-95 (4th Cir. 2026) (granting leave to amend so that a petitioner challenging only his withholding-only relief could raise a nominal challenge to his final removal order, and finding this sufficient to confer jurisdiction). And it is unclear whether the Government would take issue with

claims independent of challenges to final orders of removal, *see Navarrete v. Bondi*, 170 F.4th 1214, 1221 (9th Cir. 2026); *Hayles v. U.S. Att'y Gen.*, 179 F.4th 872, 881 (11th Cir. 2026), while the Third and Fourth Circuits have agreed that they have jurisdiction in such cases. *See Laureano v. Att'y Gen.*, 177 F.4th 453, 465 (3d Cir. 2026); *Riley v. Blanche*, 180 F.4th 187, 200 (4th Cir. 2026).

2.      The Fourth Circuit recently found jurisdiction and described a precedent of this court as finding no jurisdiction to review withholding-only relief. *See Riley*, 180 F.4th at 193 (citing *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190 n.13 (2d Cir. 2022), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025)). Such a holding would place us with the Ninth and Eleventh circuits in the circuit split. We do not so read our own precedent. In *Bhaktibhai-Patel*, as here, the petitioner appealed only his withholding and CAT relief, but that was not the basis on which the Court found that it lacked jurisdiction. Instead, that panel considered whether the final order of removal or reinstated order of removal could constitute the foundation of the petitioner's appeal, despite passage of the (then-jurisdictional) thirty-day deadline. That inquiry meant that, even though not explicitly raised in the petition for review or substantively challenged in any way, the existence of an appealable final order of removal would confer jurisdiction on our Court to review any aspect of the deportation proceedings "zipped" together by 8 U.S.C. § 1252(b)(9), including his withholding-only proceedings. We conclude that this issue is still open in this circuit.

that, too—that is, whether the Government would argue that a petitioner must raise a substantive, colorable challenge to the final order of removal in order to secure jurisdiction, or whether it would be enough for a petitioner merely to name the final order of removal in the petition to protect the right to appeal the withholding-only determination.

With so many uncertainties, we decline the Government's invitation to enter the fray. Where "the jurisdictional constraints are imposed by statute, not the Constitution, and . . . the jurisdictional issues are complex and the substance of the claim . . . plainly without merit," it is appropriate to assume jurisdiction *arguendo* and proceed to the merits. *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 338 n.2 (2d Cir. 2006). We therefore assume jurisdiction to consider the merits in this case.

\* \* \* \*

We review fact-finding "under the substantial evidence standard," and "[w]e review *de novo* questions of law." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 543 n.1, 545 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Contrary to Petitioner's contention, the IJ did not apply an incorrect

5

standard in making a negative determination as to her claim of reasonable fear of persecution or torture. Rather, in concurring with the asylum officer's finding, the IJ properly considered whether Petitioner had shown a reasonable possibility of persecution. 8 C.F.R. § 208.31(c). The IJ correctly stated that "[t]he alien shall be determined to have a reasonable fear of persecution if the alien establishes a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

Petitioner claimed past persecution and a fear of future persecution on account of her membership in the particular social groups of her family, parents of minor children targeted by Honduran gangs for recruitment, and parents of minor daughters targeted by Honduran male gang members. However, as the asylum officer found, she did not show that she was or would be targeted on account of her membership in these groups.

She claimed that her daughter's ex-boyfriend, who was a gang member, threatened her daughter because he wanted the daughter to be in a relationship with him, that another gang member tried to recruit her son, and that she feared that gang members would harm her in the future in retaliation for unidentified

6

relatives reporting the gang to police for unspecified activities. That testimony indicates that gang members were motivated by personal vendettas and a desire to increase their membership rather than by an animus towards her family or her membership in a group of similarly situated parents. Thus the agency did not err in finding that Petitioner failed to show a reasonable possibility of persecution on account of her membership in her proposed social groups. *See Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) ("[T]he fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground.") (quoting *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017)).

"[An] alien shall be determined to have a reasonable fear of torture if the alien establishes a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c). Relief under the Convention Against Torture ("CAT") requires that torture be inflicted by or with the acquiescence of a government official. *See* 8 C.F.R. § 1208.18(a)(1); *Garcia-Aranda*, 53 F.4th at 759. The asylum officer denied CAT relief because Petitioner failed to show that government officials would acquiesce in her torture by gang members. She does not challenge that finding in her brief, but rather incorrectly contends that the

7

agency made no such finding. Thus, any challenge to that finding is abandoned.

*See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

Petitioner further argues that she was deprived of an opportunity to present evidence in support of withholding and CAT relief in violation of her due process rights. The parties agree that Petitioner did not have an opportunity to participate in her reasonable fear review hearing because she did not receive notice of it, which was a regulatory violation.

"Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted). Prejudice requires a "reasonable probability" that relief would have been granted absent the alleged deprivation: this standard is satisfied when the petitioner "makes a *prima facie* showing that, but for [the violation], he [or she] would have been eligible for relief, and could have made a strong showing in support of his [or her] application," without necessarily showing that a grant of relief is "likely." *Paucar v. Garland*, 84 F.4th 71, 80–81 (2d Cir. 2023) (quotation marks and ellipses omitted).

As the Government argues, Petitioner does not specify what evidence and

8

arguments she would have presented had she appeared before the IJ. Her vague statements that she would have presented evidence showing her eligibility for relief are insufficient to satisfy the prejudice standard because they do not provide any basis for countering the asylum officer's findings that she failed to show that gang members were motivated to target her on account of her membership in a particular social group and that she failed to establish government acquiescence in torture. Thus, Petitioner did not establish a prima facie case for finding a reasonable fear of persecution or torture. *Id.*

We have considered Petitioner's other arguments and find them to be without merit.

For these reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

9